**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GEORDANY SALOMON, DONNA COBURN,        **Docket No.: 21cv3086**
ARIAN GOXHUFI, BARBARA MARKS,
SHELLNELL PETTIFORD, JENNIFER SAN LUCAS,
and SHANNON SKUBEL,
individually and on behalf of others similarly situated,

        Plaintiffs,

v.                            **CLASS ACTION COMPLAINT**

                                    **Docket No.:**
LVNV FUNDING, LLC;               Jury Trial Demanded: Yes
RESURGENT CAPITAL SERVICES, LP;
CREDIT CONTROL, LLC
d/b/a CREDIT CONTROL & COLLECTIONS, LLC;
and PYOD LLC,

        Defendants.
_____/

Plaintiffs, Geordany Salomon, Donna Coburn, Arian Goxhufi, Barbara Marks, Shellnell Pettiford,

Jennifer San Lucas, and Shannon Skubel, individually and on behalf of others similarly situated

("Plaintiffs"), by and through their attorney, Subhan Tariq, Esq., as and for his Complaint against

Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Credit Control, LLC d/b/a

Credit Control & Collections, LLC, and PYOD LLC (hereinafter referred to as "Defendants"),

respectfully sets forth, complains and alleges, upon information and belief, the following:

## PARTIES

1.  Plaintiff Geordany Salomon is a resident of State of New York and currently resides at

    107-36 Springfield Boulevard, Apt #2, Queens Village, NY 11429.

2. Plaintiff Donna Coburn is a resident of State of Connecticut and currently resides at 155 Holl Street, Manchester, CT 06040.

3. Plaintiff Arian Goxhufi is a resident of State of New York and currently resides at 199 Schenck Avenue, Apt. #1, Westbury, NY 11590.

4. Plaintiff Barbara Marks is a resident of State of Florida and currently resides at 2544 Woodgate Boulevard, Apt #205, Orlando, FL 32822.

5. Plaintiff Shellnell Pettiford is a resident of State of Florida and currently resides at 3716 S. Pacific Breeze Circle, Apt #8-107, Lauderdale Lakes, FL 33309.

6. Plaintiff Jennifer San Lucas is a resident of State of New York and currently resides at 281 Melba Street, Staten Island, NY 10314.

7. Plaintiff Shannon Skubel is a resident of State of Connecticut and currently resides at 26 Linden Avenue South, Westbrook, CT 06498.

8. Defendant LVNV Funding, LLC ("LVNV") is a company engaged in the business of collecting debts with a principal place of business located at 1703 Laurel Street, Columbia, SC 29223.

9. Defendant Resurgent Capital Services, LP ("Resurgent") is a company engaged in the business of collecting debts with a principal place of business located at 1703 Laurel Street, Columbia, SC 29201.

10. Defendant Credit Control, LLC d/b/a Credit Control & Collections, LLC ("Credit Control") is a company engaged in the business of collecting debts with a principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

11. Defendant PYOD LLC ("PYOD") is a company engaged in the business of collecting debts with a principal place of business located at 1703 Laurel Street, Columbia, SC 29201.

12. All Plaintiffs are a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

13. All Defendants are a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## **FACTUAL ALLEGATIONS**

14. Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

*Geordany Salomon*

15. Upon information and belief, Defendant Resurgent, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

16. On November 4, 2020, Plaintiff ran his Trans Union credit report and noticed that Defendant LVNV was reporting an account on his Trans Union credit report.

17. As a result, Plaintiff sent a cease and desist letter, dated November 10, 2020, to Defendant LVNV.

18. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

19. Plaintiff's cease and desist letter was sent to Defendant LVNV via certified mail.

20. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on December 1, 2020.

21. However, Plaintiff received two (2) debt collection letters (with an account summary report), both dated December 16, 2020, from Defendant Resurgent.

22. Plaintiff also received a debt collection letter (with two random account statements), dated December 22, 2020, from Defendant Resurgent.

23. Furthermore, one of Defendant's debt collection letters, dated December 22, 2020, also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

24. Notably, Plaintiff never requested validation documentation in his aforementioned cease and desist letter to Defendants.

25. Defendant Resurgent's December 16, 2020 and December 22, 2020 debt collection letters were sent on behalf of Defendant LVNV and were attempting to collect on the LVNV accounts being reported by Defendant LVNV on Plaintiff's Trans Union credit report.

*Donna Coburn*

26. Upon information and belief, Defendant Credit Control, on behalf of a third-party, Defendant PYOD, began efforts to collect an alleged consumer debt from Plaintiff.

27. On December 15, 2020, Plaintiff ran her Experian credit report and noticed that Defendant PYOD was reporting an account on her Experian credit report.

28. As a result, Plaintiff sent a cease and desist letter, dated December 16, 2020, to Defendant PYOD.

29. In both above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account.

Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

30. Plaintiff's cease and desist letter was sent to Defendant via certified mail.

31. According to USPS, Defendant received Plaintiff's cease and desist letter on January 12, 2021.

32. However, Plaintiff received a debt collection letter, dated February 1, 2021, from Defendant Credit Control.

33. Defendant Credit Control's February 1, 2021 debt collection letter was sent on behalf of Defendant PYOD and was attempting to collect on the PYOD account being reported by Defendant PYOD on Plaintiff's Experian credit report.

34. Defendant Credit Control's February 1, 2021 letter stated: "Current Creditor: PYOD LLC."

35. Furthermore, Defendant Credit Control's February 1, 2021 letter stated, also stated: "Dear Donna Coburn, please be advised the above-referenced account has been placed with our office for collection."

*Arian Goxhufi*

36. Upon information and belief, Defendant Resurgent, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

37. On November 10, 2020, Plaintiff ran his Trans Union credit report and noticed that Defendant LVNV was reporting an account on his Trans Union credit report.

38. As a result, Plaintiff sent a cease and desist letter, dated November 17, 2020, to Defendant LVNV.

39. Plaintiff also sent a cease and desist letter, dated November 17, 2020, to Defendant Resurgent.

40. In both above-referenced cease and desist letters, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

41. Plaintiff's cease and desist letters were sent to Defendants via certified mail.

42. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on December 9, 2020.

43. According to USPS, Defendant Resurgent received Plaintiff's cease and desist letter on December 10, 2020.

44. However, Plaintiff received a debt collection letter (with a random account statement and account summary report), dated December 21, 2020, from Defendant Resurgent.

45. Furthermore, Defendant's debt collection letter, dated December 21, 2020, also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

46. Notably, Plaintiff never requested validation documentation in his aforementioned cease and desist letters to Defendants.

47. Defendant Resurgent's December 21, 2020 debt collection letter was sent on behalf of Defendant LVNV and was attempting to collect on the LVNV account being reported by Defendant LVNV on Plaintiff's Trans Union credit report.

*Barbara Marks*

48. Upon information and belief, Defendant Resurgent, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

49. On February 10, 2021, Plaintiff ran her Experian credit report and noticed that both Defendants LVNV and Resurgent were reporting an account on her Experian credit report.

50. As a result, Plaintiff sent a cease and desist letter, dated February 10, 2021, to Defendant LVNV.

51. Plaintiff also sent a cease and desist letter, dated February 10, 2021, to Defendant Resurgent.

52. In the above-referenced cease and desist letters, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

53. Plaintiff's cease and desist letter was sent to Defendant LVNV via certified mail.

54. Plaintiff's cease and desist letter was sent to Defendant Resurgent via certified mail.

55. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on February 19, 2021.

56. According to USPS, Defendant Resurgent received Plaintiff's cease and desist letter on February 19, 2021.

57. However, Plaintiff received five (5) debt collection letters (with two account summary reports and a random account statement), all dated February 24, 2021, from Defendant Resurgent.

58. Furthermore, two of Defendant's debt collection letters, both dated February 24, 2021, also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

59. Notably, Plaintiff never requested validation documentation in her aforementioned cease and desist letters to Defendants.

*Jennifer San Lucas*

60. Upon information and belief, Defendant Resurgent, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

61. On December 28, 2020, Plaintiff ran her Experian credit report and noticed that both Defendants LVNV and Resurgent were reporting an account on her Experian credit report.

62. As a result, Plaintiff sent a cease and desist letter, dated December 29, 2020, to Defendant LVNV.

63. Plaintiff also sent a cease and desist letter, dated December 29, 2020, to Defendant Resurgent.

64. In the above-referenced cease and desist letters, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

65. Plaintiff's cease and desist letter was sent to Defendant LVNV via certified mail.

66. Plaintiff's cease and desist letter was sent to Defendant Resurgent via certified mail.

67. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on January 26, 2021.

68. According to USPS, Defendant Resurgent received Plaintiff's cease and desist letter on February 1, 2021.

69. However, Plaintiff received a debt collection letter (with an account summary report and two random account statements), dated February 11, 2021, from Defendant Resurgent.

70. Furthermore, Defendant's debt collection letter, dated February 11, 2021, also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

71. Notably, Plaintiff never requested validation documentation in her aforementioned cease and desist letters to Defendants.

### Shellnell Pettiford

72. Upon information and belief, Defendant Resurgent, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

73. On February 15, 2021, Plaintiff ran her Experian credit report and noticed that Defendant LVNV was reporting an account on her Experian credit report.

74. As a result, Plaintiff sent a cease and desist letter, dated March 2, 2021, to Defendant LVNV.

75. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account."

76. Plaintiff's cease and desist letter was sent to Defendant LVNV via certified mail.

77. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on March 9, 2020.

78. However, Plaintiff received a debt collection letter (with an account summary report), dated March 11, 2021, from Defendant Resurgent.

79. Furthermore, Defendant's debt collection letter, dated March 11, 2021, also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

80. Notably, Plaintiff never requested validation documentation in her aforementioned cease and desist letter to Defendants.

81. Defendant Resurgent's March 11, 2021 debt collection letter was sent on behalf of Defendant LVNV and was attempting to collect on the LVNV account being reported by Defendant LVNV on Plaintiff's Experian credit report.

*Shannon Skubel*

82. Upon information and belief, Defendants Resurgent and Credit Control, on behalf of a third-party, Defendant LVNV, began efforts to collect an alleged consumer debt from Plaintiff.

83. On September 20, 2020, Plaintiff ran her Experian credit report and noticed that Defendant LVNV was reporting two (2) accounts on her Experian credit report.

84. As a result, Plaintiff sent a cease and desist letter, dated September 21, 2020, to Defendant LVNV.

85. In both above-referenced cease and desist letter, Plaintiff explicitly stated: "These are not my accounts. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding these

accounts. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on these accounts."

86. Plaintiff's cease and desist letter was sent to Defendant LVNV via certified mail.

87. According to USPS, Defendant LVNV received Plaintiff's cease and desist letter on September 29, 2020.

88. However, Plaintiff received four (4) debt collection letters (with two (2) account summary reports and a random account statement), all dated October 2, 2020, from Defendant Resurgent.

89. Defendant Resurgent's October 2, 2020 debt collection letters were sent on behalf of Defendant LVNV and were attempting to collect on the LVNV accounts being reported by Defendant LVNV on Plaintiff's Experian credit report.

90. Furthermore, two of Defendant Resurgent's October 2, 2020 debt collection letters also stated: "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

91. Notably, Plaintiff never requested validation documentation in her aforementioned cease and desist letter to Defendant LVNV.

92. Plaintiff also received a debt collection letter, dated January 4, 2021, from Defendant Credit Control.

93. Defendant Credit Control's January 4, 2021 debt collection letter was sent on behalf of Defendant LVNV and was attempting to collect on one of the LVNV accounts being reported by Defendant LVNV on Plaintiff's Experian credit report.

94. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist Defendants in their goal of collecting on debt from these consumers.

## CLASS ALLEGATIONS

95. Plaintiffs brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar letters/communications from Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants. Upon information and belief, hundreds of persons have received letters/communications from Defendants, which violate various provisions of the FDCPA.

96. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect debts.

97. Excluded from Plaintiff Class are Defendants and all officers, members, partners, managers, directors, and employees of Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

98. There are questions of law and fact common to Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendants' written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

99. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

100.     Plaintiffs will fairly and adequately protect the interests of Plaintiff Class defined in this Complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

101.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   A. **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, that Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendants' written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

   C. **Typicality:** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of Plaintiff Class have claims arising out of Defendants' common uniform course of conduct complained of herein.

   D. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs

have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

E. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

102.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

103.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

## FIRST COUNT

### *Individually and on behalf of all other similarly situated*
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692c(c)

104.    Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

105.    15 U.S.C. § 1692c(c) prohibits a debt collector from communication after notification that the consumer refuses to pay the debt or that the consumer wants collector to cease communication.

106.    Defendants are in violation of 15 U.S.C. §1692c(c) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

107.    As a result of Defendants' violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND COUNT

### *Individually and on behalf of all other similarly situated*
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692d – preface

108.    Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

109.    15 U.S.C. § 1692d – preface prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

110.     Defendants are in violation of 15 U.S.C. §1692d – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

111.     As a result of Defendants' violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## THIRD COUNT

***Individually and on behalf of all other similarly situated***
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface

112.     Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

113.     15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

114.     Defendants are in violation of 15 U.S.C. §1692e – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters, and by sending Plaintiffs account summary reports and random account statements, despite Plaintiffs' requests to not receive any documentation regarding the alleged debts.

115.     As a result of Defendants' violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## FOURTH COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

116.    Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

117.    15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

118.    Defendants are in violation of 15 U.S.C. §1692e(10) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters, and by sending Plaintiffs account summary reports and random account statements, despite Plaintiffs' requests to not receive any documentation regarding the alleged debts.

119.    As a result of Defendants' violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## FIFTH COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

120.    Plaintiff repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

121.    15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

122.     Defendants are in violation of 15 U.S.C. § 1692f – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters, and by sending Plaintiffs account summary reports and random account statements, despite Plaintiffs' requests to not receive any documentation regarding the alleged debts.

123.     As a result of Defendants' violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

124.     Plaintiffs hereby respectfully requests a trial by jury for all claims and issues in their Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from Defendants as follows:

A.  Awarding Plaintiffs and the Class statutory damages;

B.  Awarding Plaintiffs and the Class costs of this Action, including reasonable attorneys' fees and expenses;

C.  Awarding pre-judgment interest and post-judgment interest; and

D.  Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated:     May 31, 2021

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiffs**
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

## VERIFICATION

Geordany Salomon, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Geordany Salomon, Plaintiff

Sworn to before me this 21st
day of May, 2021

_____
Notary Public



## VERIFICATION

Donna Coburn, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Donna Coburn, Plaintiff

Sworn to before me this _19_
day of _May_, 2021

_____
Notary Public

# VERIFICATION

Arian Goxhufi, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Arian Goxhufi, Plaintiff

Sworn to before me this 28th
day of May, 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2025

## <u>VERIFICATION</u>

Barbara Marks, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Barbara Marks, Plaintiff

Sworn to before me this 18th
day of May , 2021

_____
Notary Public

State of Florida County of Orange
Subscribed and sworn before me on 5 18 2021
                                              (Date)
_____
(Notary Signature)

# VERIFICATION

Shellnell Pettiford, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____

Shellnell Pettiford, Plaintiff

Sworn to before me this 26th·
day of May_____, 2021

_____
Notary Public

NOTARY PUBLIC
STATE OF FLORIDA

MARGARET L. FORREST
Notary Public - State of Florida
Commission # GG 237715
My Comm. Expires Jul 12, 2022
Bonded through National Notary Assn.

**<u>VERIFICATION</u>**

Jennifer San Lucas, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Jennifer San Lucas, Plaintiff

Sworn to before me this 28th
day of May , 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 20 25

## **VERIFICATION**

Shannon Skubel, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Shannon Skubel, Plaintiff

Sworn to before me this 19th
day of May , 2021

_____
Notary Public

Comm. Exp. 8/31/21